IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MARY B. MARTIN, )
)
        Plaintiff, )
)
        v. ) No. 11-3254-SSA-CV-S-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
        Defendant. )

## ORDER

Plaintiff Mary B. Martin seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on July 31, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

1

supports it.   As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).   See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).   To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."   McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.   McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff filed an application for Social Security disability and Supplemental Security Income on August 14, 2008.   Plaintiff was born in 1961 and was 46 years old on her alleged disability onset date of February 1, 2007.   Plaintiff graduated from high school and has at least one year of college.   Plaintiff has past relevant work as a cashier, housekeeper, packer, factory worker, welder and dishwasher.   Plaintiff originally alleged disability due to: diabetes, blood pressure, depression, back, neck, knee, allergies, cholesterol and anemia.   Plaintiff's claims were denied initially on December 5, 2008.   Thereafter, plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on May 12, 2010.   Subsequent to the hearing, on June 24, 2010, the ALJ issued a decision finding that plaintiff was not disabled as defined by the Act.   Subsequently, plaintiff's appeal was denied by the Appeals Council for the Social Security Administration.   Thus, the ALJ's decision stands as the final decision of the Commissioner.

The ALJ determined that plaintiff suffered from the severe impairments of:   diabetes mellitus- type II; obesity; hypertension; restless leg syndrome; degenerative joint disease C5-7;

2

left shoulder mild inflammation and tendonitis; back pain, generalized bilateral knee osteoarthritis; anemia; hypermenorrhagia; chronic kidney disease State III; cataracts; background diabetic retinopathy; insomnia; depression; dysthymic disorder; and panic attacks. The ALJ did not find that any of plaintiff's impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further determined that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements concerning intensity, persistence and limitations of these symptoms were not credible to the extent they were inconsistent with the finding that plaintiff had the residual functional capacity to maintain light work within the stated limitations to account for her impairments. Based on the testimony of a vocational expert, the ALJ found that while plaintiff could not do her past relevant work, she was capable of making successful adjustment to other light work that exists in significant numbers in the national economy.

Upon review, this Court finds there is substantial evidence in the record to support the opinion of the ALJ. This is simply a case where the ALJ went through all the medical records and was unable to find sufficient evidence to establish disability. There just is not a lot of medical evidence in this case. It is the burden of the claimant to establish disability and provide medical evidence she is disabled. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) (claimant has burden of proving disability); 20 C.F.R. §§ 404.1512 and 416.912 (burden on claimant to provide medical evidence). Plaintiff's request for remand asserting that the Commissioner must obtain additional medical evidence to determine what plaintiff can and cannot do is without merit. There is sufficient evidence in this case for the ALJ to make a decision. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (ALJ is required to order medical examinations and tests only if the medical records presented do not provide sufficient medical evidence to determine whether the claimant is disabled). The record shows plaintiff really had no severe physical problems, but rather, the issue is plaintiff's mental health symptoms. With regard to mental health symptoms, however, the record contains medical records suggesting that plaintiff may be exaggerating her symptoms, and moreover, that her symptoms are controlled when she is in compliance with her medications. There is sufficient medical evidence in the record on which the ALJ based his decision. The ALJ is not required to have one specific medical opinion on which he relies in making a decision as to a claimant's disability. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir.

Case 6:11-cv-03254-MJW   Document 12   Filed 09/17/12   Page 3 of 4

2011) (ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinion of any of the claimant's physicians).

Plaintiff's argument that the ALJ improperly discredited her subjective complaints is also without merit. The ALJ's credibility findings were based on valid reasons. As set forth above, the medical records show concern that plaintiff was exaggerating her symptoms and plaintiff's daily activities are inconsistent with allegations of complete disability. Plaintiff's work record is also of some concern, as is the fact that plaintiff quit her last job. Here the ALJ adequately explained and gave support for his credibility determination, and therefore, deference to the ALJ's determination is appropriate. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

Based on the foregoing, it is

ORDERED that decision of the Commissioner is affirmed and plaintiff's claims are dismissed.

Dated this 17th day of September, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge